FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION       2016 SEP 26  PM 1:52

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

CASE NO._____

RENAY JUSTICE,

        Plaintiff,

vs.       6:16-cv-1678-ORL-31DAB

MAXIM HEALTHCARE SERVICES, INC.
a Foreign Profit Corporation,

        Defendant.
_____/

## COMPLAINT

Plaintiff, RENAY JUSTICE (hereafter "JUSTICE"), by and through her undersigned counsel, hereby files this Complaint against Defendant, MAXIM HEALTHCARE SERVICES, INC. (hereafter "MAXIM"), and alleges as follows:

### NATURE OF ACTION

1.    This is an action for recovery of unpaid overtime compensation owed to JUSTICE pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., as amended ("FLSA").

### JURISDICTION AND VENUE

2.    Jurisdiction in this Court is proper as JUSTICE's claim is brought pursuant to the FLSA to recover unpaid overtime compensation, liquidated damages and reasonable attorney's fees and costs. Jurisdiction over this action is founded upon § 216(b) of the FLSA.

3.    The acts and omissions that give rise to this action occurred in Volusia County, Florida. Venue is therefore proper in the United States District Court for the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. At all times material hereto, JUSTICE resided in Volusia County, Florida.

5. At all times material hereto, MAXIM was a foreign profit corporation corporation with its principal place of business located in Columbia, Maryland.

6. At all times material hereto, MAXIM employed two or more employees who regularly were and are engaged in commerce, or worked on goods or materials that had been moved in or produced for commerce.

7. At all times material hereto, MAXIM had annual gross sales or business of no less than $500,000.00.

8. By reason of the foregoing, MAXIM was and is an enterprise engaged in commerce as defined by § 203(r) and (s) of the FLSA.

9. Moreover, in performing services for MAXIM, JUSTICE engaged in commerce by regularly using the instrumentalities of interstate commerce in her work through her regular and recurrent use of interstate telephone and mail services. Therefore, JUSTICE was subject to individual coverage pursuant to the FLSA.

10. At all times material hereto, MAXIM was JUSTICE's employer, as that term is defined under the FLSA.

## GENERAL ALLEGATIONS

11. JUSTICE became employed by MAXIM in October of 2013.

12. For the purposes of JUSTICE's claim, the relevant time period commenced three (3) years prior to the filing date of this Complaint and ended on April 6, 2016, when JUSTICE's employment with MAXIM was terminated.

13. MAXIM is a full-service healthcare company and engaged in providing home health, medical staffing and wellness services in communities nationwide.

14. During the relevant time period, JUSTICE's job title was Recruiter.

15. JUSTICE's primary job duties were clerical in nature.

16. Throughout JUSTICE's employment, JUSTICE performed numerous job duties that fell outside of the description of a Recruiter, including, but not limited to, the duties of a Payroll/Biller, Personnel Coordinator and Medical Records Clerk.

17. JUSTICE did not regularly exercise discretion or decision making authority over matters of significance.

18. During the relevant period, JUSTICE was paid a salary.

19. JUSTICE's salary was intended to compensate her for a fixed workweek.

20. JUSTICE's weekly schedule was 8:00 a.m. to 5:30 p.m., Monday through Friday.

21. JUSTICE was supposed to be permitted to take up to one (1) hour for lunch each day.

22. JUSTICE frequently did not take a full hour for lunch, and often worked through her entire lunch break.

23. JUSTICE regularly worked hours outside of her regular weekly schedule.

24. JUSTICE typically ended her work day between 7:30 p.m. and 8:30 p.m.

25. JUSTICE frequently started her workday before 8:00 a.m.

26. On occasion, JUSTICE worked on weekends.

27. MAXIM did not direct JUSTICE to punch a time clock, or to track her working hours through any other timekeeping method.

28. Consequently, MAXIM does not possess a record of JUSTICE's working hours.

29. JUSTICE estimates that she typically worked between forty-four and a half (44.5) and fifty-five (55) hours per week during the relevant time period.

30. JUSTICE did not receive any overtime compensation for hours worked in excess of forty (40) per workweek during the relevant time period.

### COUNT I: FLSA (UNPAID OVERTIME COMPENSATION)

31. JUSTICE hereby incorporates the allegations set forth in Paragraphs 1 through 30 by reference.

32. The FLSA requires that covered employers compensate covered nonexempt employees at a rate of one and one-half times their regular rate of pay for each hour worked in excess of forty (40) per work week.

33. MAXIM was a covered employer during the relevant period.

34. JUSTICE was a covered employee during the relevant period.

35. MAXIM was JUSTICE's employer during the relevant period.

36. JUSTICE was not subject to any exemption(s) to the overtime pay requirements of the FLSA during the relevant period.

37. JUSTICE regularly worked in excess of forty (40) hours in several work weeks during the relevant period.

38. During the relevant period, MAXIM failed to pay JUSTICE overtime compensation in one or more workweeks in which she worked in excess of forty (40) hours.

39. By virtue of the foregoing, JUSTICE has been damaged in the loss of overtime wages, and has incurred, and will continue to incur, costs and reasonable attorney's fees.

40. MAXIM failed to pay JUSTICE overtime compensation without any legal justification or good faith basis for believing that JUSTICE was exempt from the FLSA's

overtime requirements. Consequently, JUSTICE is entitled to liquidated damages in an amount equal to the underpayment of overtime compensation.

41. MAXIM willfully violated the overtime compensation provisions of the FLSA. Consequently, JUSTICE is entitled to seek recovery for a period of three (3) years preceding the filing date of this Complaint.

WHEREFORE, Plaintiff demands judgment against Defendant for unpaid overtime compensation, liquidated damages and attorney's fees and costs pursuant to the FLSA, and such other relief as this Court deems just and proper.

Date:   September 26, 2016

                                              Respectfully submitted,

                                              David H. Spalter, Esquire
                                              Florida Bar No. 966347
                                              Jill S. Schwartz, Esquire
                                              Florida Bar No. 523021
                                              Lauren R. Robertson, Esquire
                                              Florida Bar No.: 109236
                                              JILL S. SCHWARTZ & ASSOCIATES, P.A.
                                              655 W. Morse Boulevard, Suite 212
                                              Winter Park, Florida 32789-3745
                                              Telephone: (407) 647-8911
                                              Facsimile: (407) 628-4994
                                              E-mail: dspalter@schwartzlawfirm.net
                                              E-mail: jschwartz@schwartzlawfirm.net
                                              E-mail: lrobertson@schwartzlawfirm.net
                                              Attorneys for Plaintiff