# Exhibit A

## CONFIDENTIAL GENERAL AND COMPREHENSIVE RELEASE OF CLAIMS

This Confidential General and Comprehensive Release of Claims ("**Agreement**") is entered into by and between Renay Justice ("**you**" or "**your**") and Maxim Healthcare Services, Inc. (the "**Company**") (collectively, the "**Parties**"). In exchange for the payment described in the Consideration clause of this Agreement, you agree that you will dismiss *Renay Justice v. Maxim Healthcare Services, Inc.*, Case No. 6:16-cv-1678 (M.D. Fla.) and the claims you have filed with the American Arbitration Association within seven (7) calendar days of signing this Agreement.

1. **Termination Date.** Your last day of work with the Company was April 6, 2016.

2. **Consideration.** The Company will pay you a total of twenty-four thousand dollars and no cents ($24,000.00) as follows:

    a. For alleged back pay, a lump-sum of seven thousand sixty dollars and zero cents ($7,060.00), less applicable federal, state and local tax deductions reported on a W-2. The Company will make that payment within 30 days of receiving the signed Agreement from you, if you do not revoke it, and will issue a W-2 form to you.

    b. For alleged liquidated damages, a lump-sum of seven thousand sixty dollars and zero cents ($7,060.00), reported on a Form 1099. The Company will make that payment within 30 days of receiving the signed Agreement from you, if you do not revoke it.

    c. For the general release provided herein, a lump-sum of one hundred dollars and zero cents ($100.00), less applicable federal, state and local tax deductions reported on a W-2. The Company will make that payment within 30 days of receiving the signed Agreement from you, if you do not revoke it, and will issue a W-2 form to you.

    d. For attorney's fees, a lump-sum of nine thousand seven hundred and eighty dollars and zero cents ($9,780.00), reported on a Form 1099. The Company will make that payment directly to Jill S. Schwartz & Associates, P.A., within 30 days of receiving the signed Agreement from you, if you do not revoke it; provided, that the Company must receive a completed Form W-9 from Jill S. Schwartz & Associates, P.A. prior to receipt of any payment from the Company.

    You acknowledge that the above payments are adequate and sufficient consideration and that such consideration is in excess of anything to which you are otherwise entitled.

3. **General Release of Claims.** In exchange for the payment described in the Consideration clause, you hereby waive all claims available under federal, state or local law against the Company and the directors, officers, employees, employee benefit plans and agents of the Company, as well as all of the Company's respective past, present and future parents, subsidiaries, affiliates, business units, related organizations, and successors and predecessors, including each of their directors, officers, employees, employee benefit

programs (and the trustees, administrators, fiduciaries, and insurers of such programs), insurers, lawyers, and agents (collectively, the "**Releasees**"), arising out of your employment with the Company or the termination of that employment, including but not limited to all claims arising under the Fair Labor Standards Act, the Americans with Disabilities Act, the Civil Rights Act of 1991, the Employee Retirement Income Security Act, the Equal Pay Act, the Genetic Information Non-discrimination Act, the Family and Medical Leave Act, Section 1981 of U.S.C., Title VII of the Civil Rights Act, the Florida Civil Rights Act, the Florida Whistleblower Protection Act, the Florida Workers' Compensation Retaliation provision, the Florida Minimum Wage Act, Article X, Section 24 of the Florida Constitution, and the Florida Fair Housing Act, as well as wrongful termination claims, breach of contract claims, discrimination claims, harassment claims, retaliation claims, whistleblower claims (to the fullest extent they may be released under applicable law), defamation or other tort claims, and claims for attorneys' fees and costs. You are not waiving your right to vested benefits under the written terms of the Company's 401(k) Plan, claims for unemployment or workers' compensation benefits, any medical claim incurred during your employment that is payable under applicable medical plans or an employer-insured liability plan, claims arising after the date on which you sign this Agreement, or claims that are not otherwise waivable under applicable law.

In waiving and releasing any and all claims against the Releasees, *whether or not now known to you*, you understand that this means that if you later discover facts different from or in addition to those facts currently known by you, or believed by you to be true, the waivers and releases of this Agreement will remain effective in all respects, despite such different or additional facts and your later discovery of such facts, even if you would not have agreed to this Agreement if you had prior knowledge of such facts.

You agree that if any person, organization, or other entity on your behalf files or permits to be filed any action for personal relief (including any action for damages, injunctive, declaratory, monetary, or other relief) against the Company or any of the Releasees involving any matter covered by this Agreement, you will not accept personal relief in any such action.

4. **General Release of Age Claims.** This is a General Release that includes a release of any and all age discrimination claims under the Age Discrimination in Employment Act and the Older Workers Benefit Protection Act ("**OWBPA**"), up to and including the date on which you sign this Agreement; provided, however, you are not waiving any claim you may have to challenge the knowing and voluntary nature of this Agreement under the OWBPA.

5. **Medicare Disclaimer.** You represent that you are not a Medicare Beneficiary as of the time you enter into this Agreement. To the extent that you are a Medicare Beneficiary, you agree to contact a Company Human Resources Representative for further instruction.

6. **Confidentiality/Limit on Disclosures.** You will not disclose or cause to be disclosed the terms of this Agreement to any person (other than your spouse or domestic/civil union partner, attorney, and tax advisor), except pursuant to a lawful subpoena, as set forth in the Reports to Government Entities clause below, or as otherwise permitted by law. This

provision is not intended to restrict your legal right to discuss the terms and conditions of your employment.

7. **Reports to Government Entities.** Nothing in this Agreement, including the Confidentiality/Limit on Disclosures or General Release of Claims clauses, restricts or prohibits you from initiating communications directly with, responding to any inquiries from, providing testimony before, providing confidential information to, reporting possible violations of law or regulation to, or filing a claim or assisting with an investigation directly with a self-regulatory authority or a government agency or entity, including the U.S. Equal Employment Opportunity Commission, the Department of Labor, the National Labor Relations Board, the Department of Justice, the Securities and Exchange Commission, Congress, and any agency Inspector General (collectively, the "**Regulators**"), or from making other disclosures that are protected under the whistleblower provisions of state or federal law or regulation. However, to the maximum extent permitted by law, you are waiving your right to receive any individual monetary relief from the Company or any others covered by the Release of Claims resulting from such claims or conduct, regardless of whether you or another party has filed them, and in the event you obtain such monetary relief the Company will be entitled to an offset for the payments made pursuant to this Agreement. This Agreement does not limit your right to receive an award from any Regulator that provides awards for providing information relating to a potential violation of law. You do not need the prior authorization of the Company to engage in conduct protected by this clause, and you do not need to notify the Company that you have engaged in such conduct.

Please take notice that federal law provides criminal and civil immunity to federal and state claims for trade secret misappropriation to individuals who disclose a trade secret to their attorney, a court, or a government official in certain, confidential circumstances that are set forth at 18 U.S.C. §§ 1833(b)(1) and 1833(b)(2), related to the reporting or investigation of a suspected violation of the law, or in connection with a lawsuit for retaliation for reporting a suspected violation of the law.

8. **Non-Admission of Liability.** Nothing in this Agreement is an admission of any wrongdoing, liability or unlawful activity by you or by the Company.

9. **Non-Disparagement.** You agree that you will not make or authorize any written or oral statements that are disparaging or defamatory about the Releasees. This clause does not affect your rights under the Reports to Government Entities clause.

10. **No Right to Employment.** You agree that you will not apply for employment with any Releasee, and that if you do so, the Releasee may for any reason refuse to hire you, withdraw any offer, or terminate any employment relationship without notice, cause, or recourse, and you will not initiate a proceeding of any kind because of such refusal, withdrawal, or termination.

11. **No Other Amounts Due.** You acknowledge that the Company has paid you all wages, salaries, bonuses, benefits and other amounts earned and accrued, less applicable

deductions, and that the Company has no obligation to pay any additional amounts other than the payment described in the Consideration clause.

12. **Integration.** This Agreement constitutes a single, integrated, written contract, expressing the entire agreement between you and the Company, and it supersedes all prior agreements between the Parties relating to its subject matter. Neither you nor the Company is relying on any promises or representations that do not appear written herein. This Agreement can be amended or modified only by a written agreement, signed by the Parties.

13. **No Assignment.** You represent that you have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, and you agree to indemnify, defend and hold harmless the Releasees against any and all disputes based on, arising out of, or in connection with any such transfer or assignment, or purported transfer or assignment, of any claims or any portion thereof or interest therein.

14. **No Representation as to Tax Consequences.** You agree that neither the Company nor its attorneys have advised you about the tax consequences of the payment described in the Consideration clause. The Company advises you to consult with your own tax advisor concerning the taxability of benefits provided under this Agreement. This Agreement is intended to comply with section 409A of the Internal Revenue Code of 1986, as amended, and its corresponding regulations ("Section 409A"), or an exemption thereto, and payments may only be made under this Agreement upon an event and in a manner permitted by Section 409A, to the extent applicable.

15. **Drafting.** The Parties agree that this Agreement will be construed without regard to the drafter of the same and will be construed as though each party to this Agreement participated equally in the preparation and drafting of this Agreement.

16. **Severability.** The Parties agree that the law of the State of Florida will govern the validity and interpretation of this Agreement regardless of applicable conflicts-of-laws principles. If any provision or portion of any provision of this Agreement or the application thereof is held invalid, the invalidity will not affect the other provisions or applications of the Agreement, which can be given their intended effect without the invalid provisions or applications and to this end the provisions of this Agreement are declared to be severable.

17. **Damages for a Breach.** You recognize and agree that the representations, promises, and covenants set forth in clauses 3, 6, and 9 of the Agreement constitute a material and significant part of the consideration received by the Company in exchange for its obligations under this Agreement, and that any violation of clauses 3, 6, and/or 9 will constitute a material violation of this Agreement. In the event of any violation of clauses 3, 6, and/or 9, you recognize and agree that the Company will be entitled to seek any and all appropriate relief from any court of competent jurisdiction in the State of Florida. In the event that either party violates the terms of this Agreement, including, but not limited

to, clauses 3, 6, and/or 9, a court may award the prevailing party reasonable attorneys' fees, expenses, and costs.

18. **Counterparts.** This Agreement may be executed in separate counterparts and each such counterpart will be deemed an original with the same effect as if the Parties had signed the same document.

19. **Signature.** The Company hereby advises you to consult with an attorney prior to signing this Agreement. You acknowledge that you have had a reasonable amount of time to consider the terms of this Agreement and you sign it with the intent to be legally bound.

20. **Acknowledgement of Voluntariness and Time to Review.** You acknowledge that:

    - you read this Agreement and you understand it;

    - you are signing this Agreement voluntarily to release your claims against the Company in exchange for payment that is greater than you would otherwise have received;

    - you are signing this Agreement after the date of your separation from the Company and you were offered at least twenty-one (21) calendar days to consider your choice to sign this Agreement;

    - the Company advises you to consult with an attorney;

    - you know that you can revoke this Agreement within seven (7) calendar days of signing it and that the Agreement does not become effective until that seven-day period has passed. To revoke, contact Amanda C. Dupree, Esq., in writing at Morgan, Lewis & Bockius LLP, 1111 Pennsylvania Avenue, NW, Washington, D.C. 20004 and/or amanda.dupree@morganlewis.com; and

    - you agree that changes to this Agreement before its execution, whether material or immaterial, do not restart your time to review this Agreement.

**[REMAINDER OF PAGE LEFT BLANK]**

BY SIGNING THIS AGREEMENT, I ACKNOWLEDGE THAT I HAVE CAREFULLY READ THIS AGREEMENT AND UNDERSTAND ALL OF ITS TERMS, INCLUDING THE FULL AND FINAL RELEASES OF CLAIMS SET FORTH ABOVE.

_6/1/17_  
Date

_[signature: Renay Justice]_  
Renay Justice

ON BEHALF OF MAXIM HEALTHCARE SERVICES, INC.

_____  
Date

_____  
By:  Mary B. Dieng, Esq.  
Its:  Chief Counsel, Employment

**BY SIGNING THIS AGREEMENT, I ACKNOWLEDGE THAT I HAVE CAREFULLY READ THIS AGREEMENT AND UNDERSTAND ALL OF ITS TERMS, INCLUDING THE FULL AND FINAL RELEASES OF CLAIMS SET FORTH ABOVE.**

_____        _____
Date                                                              Renay Justice

ON BEHALF OF MAXIM HEALTHCARE SERVICES, INC.

_6/1/17_____                 _____
Date                                                              By:   Mary B. Dieng, Esq.
                                                                          Its:   Chief Counsel, Employment